IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **RICHARD W. LONG,** on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) **CASE NO.** ) ) **JUDGE** ) |
| vs. | ) ) **COLLECTIVE AND CLASS ACTION** ) **COMPLAINT** |
| **PRESTIGE AUDIO VISUAL, INC.,** | ) ) ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) |

Plaintiff, Richard W. Long ("Plaintiff"), by and through counsel, for his Complaint against Defendant, Prestige Audio Visual, Inc. ("Defendant"), and based on personal knowledge of his own conduct and upon information and belief as to the conduct and acts of others, states and alleges as follows:

## INTRODUCTION

1) This case challenges company-wide policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; and concerns the underpayment of overtime to non-exempt employees.

2) Plaintiff brings this case as an FLSA "collective action" on behalf of himself and other similarly situated employees who may join this case pursuant to 29 U.S.C. §216(b) (the "Opt-Ins").

3) Plaintiff further brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA") on behalf of all similarly situated employees currently or previously employed by Defendant within the two years preceding the filing of this Action.

4) Plaintiff further brings an individual claim for violation of § 4111.14(G) and the

1

Ohio Constitution, Ohio Const. art. II, § 34a.

## JURISDICTION AND VENUE

5) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6) Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

7) The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

8) Plaintiff Richard W. Long is an adult individual residing in Campbell County, Kentucky.

9) At all relevant times, Plaintiff and those similarly situated were employees within the meaning of the FLSA and the OMFWSA.

10) Defendant is a for-profit Ohio corporation that is registered to conduct business in Ohio. Upon information and belief, Defendant's principal place of business is located in Hamilton County, Ohio. Defendant can be served through its Statutory Agent, Richard J. Rumler, 36 E 4th St., Suite 600, Cincinnati, OH 45202.

11) At all relevant times, Defendant conducted business in this District.

12) At all relevant times, Defendant was an employer within the meaning of the FLSA and the OMFWSA

13) At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14) At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15) Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

16) Defendant is in the business of providing audio visual services, as well as graphic design, video & post-production, writing, and project management.

17) Plaintiff was employed by Defendant as a non-exempt tech at Defendant's Norwood, Ohio location from approximately October 2016 through approximately April 2018.

18) The primary duties of Plaintiff and others similarly situated were non-exempt work, including but not limited to: dropping off equipment, setting up equipment, and tearing down equipment.

19) Plaintiff and other similarly situated employees were non-exempt employees under the FLSA and the OMFWSA, who were paid an hourly rate, plus "tech time."

20) Tech time could be claimed after working eight hours in a day or for working on an unscheduled day.

21) Tech time was paid at rate varied; equaling a percentage of that charged to Defendant's customers for work performed by Plaintiff and others similarly situated; with such rates paid to Plaintiff and others similarly situated ranging from approximately just over $11 to $40 per "tech time" hour.

22) Defendant required Plaintiff and others similarly situated to record "tech time" on handwritten "tech time" sheets or by entering it on Excel spreadsheets.

23) Tech time was paid via separate pay check and the tech time hours were not included with the weekly hours worked for the purposes of determining total hours worked in a workweek, including overtime hours.

24) Tech time paid was not included into the regular rate of Plaintiff and those similarly situated for the purposes of calculating overtime.

25) Tech time pay was not a discretionary bonus or otherwise excludable from inclusion into the regular rate for the purposes of calculating overtime compensation.

26) The FLSA and Ohio law mandate that all compensation, except those excludable by law which is not here applicable, be accounted for determining a non-exempt employee's regular rate for the purposes of calculating overtime compensation.

27) Plaintiff and other similarly situated employees, as full-time employees, regularly worked over 40 hours in a workweek during the last three years.

28) The amount of tech time worked is more than *de minimis*.

29) Accordingly, Defendant violated the FLSA and Ohio law by not combining all hours worked per workweek for the purposes of determining the hours worked in excess of 40 and by failing to incorporate "tech time" pay into the regular rate for the purposes of paying overtime compensation.

30) As a result of Defendant's conduct described herein Plaintiff and other similarly situated employees were not paid all overtime compensation for all of the hours they worked over forty (40) each workweek at the lawful rate of one and one-half times their regular rates.

31) Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and Ohio law.

**Defendant Failed to Produce Documents in Accordance With
O.R.C. § 4111.14(G) and the Ohio Const. art. II, § 34a**

32)     Pursuant to O.R.C. § 4111.14(G) and the Ohio Constitution, Ohio Const. art. II, § 34a, on November 23, 2018, Plaintiff mailed a request for documents relating to Plaintiff's employment, including but not limited to Plaintiff's pay rate, hours worked each day and amounts paid to Plaintiff, to Defendant via regular U.S. mail with tracking.

33)     The mailing was sent to Defendant's registered statutory agent.

34)     Plaintiff included a properly executed release with her request.

35)     Though notice was left with the statutory agent, the mail was never claimed and returned to sender.

36)     Accordingly, more than thirty (30) business days have passed since Plaintiff's November 23, 2018 document request, in violation of O.R.C. § 4111.14(G) and Ohio Const. art. II, § 34a.

## COLLECTIVE ACTION ALLEGATIONS

37)     Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of a collective of other similarly situated employees who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

38)     The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All former and current hourly employees employed by Defendant who worked "tech time" and paid "tech time" within three (3) years preceding the date of filing of this Complaint through the final disposition of this matter (the "FLSA Collective").**

39)     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are

similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

40) The similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

41) Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and a class of current or former employees employed by Defendant within the last two years defined as:

> **All former and current hourly employees employed by Defendant who worked "tech time" and paid "tech time" within two (2) years preceding the date of filing of this Complaint through the final disposition of this matter (the "Ohio Class").**

42) The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief avers that each consists of at least 40 employees.

43) There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees for all hours worked in excess of 40 in a workweek and whether "tech time" pay was included into the regular rate for the purposes of paying overtime at a rate of not less than one and one-half times the regular rate.

44) Plaintiff will adequately protect the interests of the Ohio Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's

counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

45) The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class are common to the class as a whole and predominate over any questions affecting only individual class members.

46) Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Classes members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Overtime Violations – FLSA Collective)

47) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48) The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

49) The FLSA requires that all hours worked in a workweek be included, and that all compensation, except those excludable per law and not applicable here, be accounted for when determining a non-exempt employee's regular rate for the purposes of calculating overtime compensation.

50) Plaintiff and those similarly situated worked "tech time" that was not included into all hours worked in a workweek and were paid "tech time" pay that was not calculated into their regular rates for purposes of calculating overtime compensation.

51) Defendant's company-wide practice and policy of not paying Plaintiff and other similarly situated employees for all all overtime compensation earned at a rate of one and one-half times their regular rate of pay, including "tech time" pay, for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, 29 C.F.R. § 785.24.

52) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

53) As a result of Defendant's practices and policies, Plaintiff and the FLSA Collective members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Overtime Violations – Ohio Class)

54) Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55) Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C. §§ 207, 213, as amended. O.R.C. § 4111.03(A).

56) Under Ohio law, all hours worked in a workweek must be considered when assessing whether hours were worked in excess of 40.

57) Under Ohio law, "tech time" pay is not excludable from the requirement that it be accounted for when determining a non-exempt employee's regular rate for the purposes of calculating overtime compensation.

58) Plaintiff and those similarly situated worked "tech time" that was not included into all hours worked in a workweek and were paid "tech time" pay that was not calculated into their regular rates for purposes of calculating overtime compensation.

59) Defendant's company-wide practice and policy of not paying Plaintiff and other similarly situated employees for all overtime compensation earned at a rate of one and one-half times their regular rate of pay, including "tech time" pay, for all hours worked over forty (40) each workweek violated Ohio law.

60) Additionally, such unpaid overtime compensation remains unpaid in violation of O.R.C. §4113.15.

61) By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of Ohio law.

62) As a result of Defendant's practices, Plaintiff and the Ohio Class members have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws; and because wages remain unpaid, damages continue.

## COUNT THREE
**(Individual Claim - Violation of O.R.C. § 4111.14(G) and Ohio Const. art. II, § 34a)**

63) On November 23, 2018, Plaintiff mailed a request for documents relating to Plaintiff's employment, including but not limited to Plaintiff's pay rate, hours worked each day and amounts paid to Plaintiff, to Defendant via regular U.S. mail with tracking. Plaintiff included a properly execute release with her request.

64) At all times relevant to this Complaint, Defendant was Plaintiff's "employer" as it is defined in O.R.C. § 4111.14 and Ohio Const. art. II, § 34a.

65) As Plaintiff's employer, Defendant was required to maintain records relating to Plaintiff's employment in accordance with Ohio law.

66) Under O.R.C. § 4111.14(G) and in accordance with the Ohio Constitution, Defendant was required to "provide such information without charge to an employee or person acting on behalf of an employee upon request . . . within thirty [30] business days."

67) Counsel for Plaintiff made such a request upon Defendant with tracking to Defendant's registered statutory agent, but such mailing went unclaimed; therefore, Defendant has failed to produce the statutorily required documents.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certifies this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) for the FLSA Collective; and directs that Court-approved notice be issued to similarly situated employees informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

C. Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class actual damages for unpaid wages;

D. Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

F.       Direct Defendant to produce all documents pursuant to O.R.C. § 4111.14(G) at no cost to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), or the Ohio Class;

G.       Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class attorneys' fees, costs, and disbursements;

H.       Award Plaintiff a service award; and

I.       Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:   (614) 824-5770
Facsimile:    (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:   (330) 470-4428
Facsimile:    (330) 754-1430
Email: hans@ohlaborlaw.com
        sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)