UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD W. LONG, on behalf of himself and all others similarly situated, | : : : | Case No: 1:19-cv-00041-TSB |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| v. | : : | |
| PRESTIGE AUDIO VISUAL, INC., | : : | |
| Defendant. | : : | |

## JOINT MOTION FOR ORDER AND JUDGMENT ENTRY APPROVING SETTLEMENT OF COLLECTIVE ACTION AND DISMISSING ACTION WITH PREJUDICE

Representative Plaintiff Richard W. Long, Additional Plaintiffs Jedidiah Craig and Joseph Haas ("Plaintiffs"), and Defendant Prestige Audio Visual, Inc. ("Defendant") (Plaintiffs and Defendant together, the "Parties") have entered into a Settlement and Release Agreement ("Settlement Agreement") of the claims set forth in Plaintiff's complaint.  The Parties hereby move this Court for an Order approving the terms reflected in the Settlement Agreement, dismissing the case with prejudice, and retaining jurisdiction to enforce the terms of the Settlement.

The Parties respectfully submit that the Settlement Agreement is fair and reasonable, and thus satisfies the criteria for approval under §216(b) of the FLSA.  The Settlement was achieved through diligent and thorough negotiations between the Parties' counsel.  If approved by the Court, the Settlement Agreement will provide a reasonable settlement payment to Plaintiffs.  The following sections explain the nature of the action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement. The Parties agree that the terms of the Settlement Agreement represent a fair, adequate, and reasonable compromise to the claims at issue. Attached this this Motion are the following:

**Exhibit A**: The Settlement Agreement.

**Exhibit B**: Proposed Order.

**Exhibit C**: Declaration of Robi J. Baishnab.

**Exhibit D**: Declaration of Anthony Lazzaro.

I.  **THE ACTION AND SUBSEQUENT NEGOTIATIONS**

On January 16, 2019, Plaintiff filed a putative "Collective Action Complaint" alleging that Plaintiff and similarly situated individuals were paid an hourly rate, plus "tech time" and that the tech time hours were not included with the weekly hours worked for the purposes of determining total hours worked in a workweek, including overtime hours. In addition to the foregoing, Plaintiff alleged that Defendant's failure to include "tech-time" payment in its employees' regular rate of pay also contributed to Defendant underpaying overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*. as well as the Ohio overtime compensation statute, Ohio R.C. § 4111.03, among other claims. (Doc. No. 1).Plaintiff filed his Motion for Conditional Certification on April 4, 2019. (Doc. No. 11). The Parties agreed to engage in early settlement discussions and, in furtherance of such discussions, jointly moved this Court for a stay of proceedings on April 12, 2019, to facilitate same. (Doc. No. 12). Thereafter, counsel for the parties conferred regarding the alleged damages to Plaintiffs.  Counsel for the Parties conferred and conducted a thorough investigation of the underlying facts, including a review of the relevant payroll records as well as researching the applicable law and potential defenses. Documents produced by Defendant and reviewed by Plaintiff's Counsel included tech time summaries, payroll journals, and tech time log sheets. (*See* Baishnab Declaration). Upon counsel having the opportunity to consider and analyze the relevant facts, settlement negotiations commenced.

Notwithstanding ongoing disagreement as to the pleadings, facts, and law, including whether or not Defendant properly accounted for tech time worked and paid per week, on

2

November 8, 2019, the Parties reached a settlement agreement. As more specifically set forth below, the settlement agreement provides Plaintiffs payments in satisfaction of any underpaid overtime and liquidated damages for the applicable two-year period, as well as providing a reasonable service payment to the Representative Plaintiff and Representative Plaintiffs' attorneys' fees and costs.

## II. THE SETTLEMENT TERMS

The Total Settlement Payment of $33,000 shall be made as outlined in the Settlement Agreement, to be distributed as follows:

- To the Representative Plaintiff, a service payment of $1,500.00, to compensate him for his time and participation in representing the Potential Opt-In Plaintiffs in bringing the claims, participating in the investigation, discovery, and settlement process.

- To Plaintiffs, individual payments as follows: $2,108.65 to Richard Long; $4,926.08 to Joseph Haas; and $11,561.32 to Jedidiah Craig.

- To Plaintiff's Counsel, a total of $12,903.95 ($12,500 fees and $403.95 costs) representing attorneys' fees and expenses incurred by counsel in the investigation and initiation of this action, settlement discussions, finalization of the settlement, and administration of the settlement. (*See also* Baishnab Declaration).

The Parties now seek this Court's approval of this Settlement; approval of a service payment to Representative Plaintiff; and approval of Plaintiff's Counsel's request for attorneys' fees, costs, and expenses.

## III. THE SETTLEMENT IS FAIR AND REASONABLE

Section 216(b) of the FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated to recover unpaid minimum wages, unpaid overtime compensation, and an additional equal amount as liquidated damages.

Settling parties routinely seek judicial approval of a proposed Settlement to ensure fairness and to give effect to the FLSA releases. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982) (approving FLSA settlement). In Ohio, district courts consider

whether a bona fide dispute exists and whether the settlement, as well as the distribution of the settlement proceeds to opt-in plaintiffs, service awards, and attorneys' fees and costs are fair and reasonable. *See Dillworth v. Case Farm Processing, Inc*., 2010 WL 776933 (N.D. Ohio Mar. 8, 2010). The law favors compromise and settlement of class and collective action lawsuits. *See Swiggart v. Fifth Third Bank*, 2014 U.S. Dist. LEXIS 94450, * 11 (S.D. Ohio July 11, 2014).

The Parties respectfully submit that Court approval is warranted here. The payment to Plaintiffs is fair, reasonable, and adequate as it provides payments in satisfaction of any underpaid overtime and liquidated damages to each of the Plaintiffs. For example, Defendant's document production covered the two-year period preceding the Complaint filing date. After deducting for fees, expenses, and service award, the remaining amount was allocated across the class members. Settlement payments to Plaintiffs represents 85.79% of two-years' unpaid overtime as calculated by Plaintiff's counsel. Plaintiff Long is receiving an average of $29.29 per week worked, which is $50.12 per week when including the service payment requested below. Opt-in Plaintiff Craig is receiving an average of $113.35 per week and Opt-in Plaintiff Haas is receiving an average of $48.23 per week. (Baishnab Declaration).

Similarly, in light of Plaintiff's assistance in the prosecution of this case beyond that of the class members, the proposed service payment of $1,500.00 is justified. *See In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997). Finally, Plaintiff's attorneys' fees of $12,500 and costs of $403.95 have also been considered in the settlement, as a portion of the settlement has been allocated for same. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). The Sixth Circuit has stated that the FLSA's attorneys' fees provision "insure[s] effective access to the judicial process by

providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (citation omitted). Indeed, "[a]n award of attorneys' fees under the FLSA is mandatory, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc*.Case No. 3:90CV7087, 1993 U.S. Dist. LEXIS 21792, at *8, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (citing *United Slate, Tile & Composition v. G & M Roofing*,732 F.2d 495, 501 (6th Cir.1984)).

There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *Perrin v. John B. Webb & Assocs*., Case No. 604CV399ORLKRS, 2005 WL 2465022, *4 (M.D.Fla. Oct. 6, 2005)("in order for 17 plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time").

Defendant does not oppose the requested service payment, attorneys fees or costs. As further detailed in the attached Declaration from Mr. Baishnab, and given the forgoing considerations, the settlement proceeds are fair, reasonable, and adequate.

### IV. CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement Agreement and dismiss this Action with prejudice pursuant to its terms. Furthermore, the Parties respectfully request that this Court retain jurisdiction to enforce the Parties' Settlement Agreement.

Respectfully submitted,

| | |
|---|---|
| /s/ *Robi J. Baishnab* | /s/ *Jennifer Hageman* |
| Robi J. Baishnab (0086195) | Jennifer Hageman (0066632) |
| NILGES DRAHER LLC | ULMER & BERNE LLP |
| 34 N. High St., Ste. 502 | 600 Vine Street, Suite 2800 |
| Columbus, OH  43215 | Cincinnati, OH  45202-2409 |
| (614) 824-5770 | (513) 698-5000 |
| (330) 754-1430 FAX | (513) 698-5001 FAX |
| rbaishnab@ohlaborlaw.com | jhageman@ulmer.com |
| | |
| Hans A. Nilges (0076017) | *Attorney for Defendant,* |
| Shannon M. Draher (0074304) | *Prestige Audio Visual, Inc.* |
| NILGES DRAHER LLC | |
| 7266 Portage Street, N.W., Suite D | |
| Massillon, OH  44646 | |
| (330) 470-4428 | |
| (330) 754-1430 FAX | |
| hans@ohlaborlaw.com | |
| sdraher@ohlaborlaw.com | |

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December 2019 a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      *Robi J. Baishnab*
      Robi J. Baishnab

      *Attorney for Plaintiffs*